IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSE MANUEL LEMA,**

      Petitioner,

vs.                                                   Civ. No. 08-915 MCA/ACT

**UNITED STATES DEPARTMENT OF**
**HOMELAND SECURITY and MICHAEL MUKASEY,**
**as Attorney General,**

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court pursuant to a "Stipulation and Order of Transfer" filed September 26, 2008. Docket No. 1. The United States District Court for the Southern District of New York transferred Petitioner's "Petition for Writ of Habeas Corpus by Person in Federal Custody" filed July 28, 2008. On October 24, 2008, Defendants filed a "Motion to Dismiss Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 for Lack of Jurisdiction" ("Motion to Dismiss"). Docket No. 8. On November 19, 2008, Petitioner filed a "Cross-Motion for an Order Directing Setting of Bail and Opposition to Government's Motion to Dismiss" ("Cross-Motion"). Docket No. 9. On November 21, 2008, Petitioner filed a "Supplement in Further Support of Cross-Motion for an Order Directing Setting of Bail and Opposition to Government's Motion to Dismiss." Docket No. 10. Though these responses are untimely, the Court will consider Petitioner's arguments. On October 9, 2008, the District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 4. Having reviewed the pleadings,

the relevant law, and being otherwise fully advised, the Court finds that a hearing is not necessary and Defendants' Motion to Dismiss should be granted and Petitioner's Cross-Motion be denied.

## PROPOSED FINDINGS

<u>Factual and procedural background</u>.

1. Petitioner is a native and citizen of Ecuador who entered the United States without inspection on January 6, 1988. On that date, the Immigration and Naturalization Service issued an "Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien" stating that Petitioner was subject to deportation. Motion to Dismiss, Exh. 1. On February 9, 1988, Petitioner was ordered deported by an immigration judge presiding in Laredo, Texas. *Id.* at Exh. 3. On March 1, 1988, Petitioner was deported. *Id.*

2. On July 18, 2008, immigration officials apprehended Petitioner. *Id.* at Exh. 5. Petitioner told immigration officials he attempted to enter the United States in 1991 by boarding a flight to New York with a fake visa. Petitioner stated he was returned to Ecuador that same day. He then illegally entered the United States one month later from Mexico.

3. On July 18, 2008, the Department of Homeland Security issued a "Notice of Intent/Decision to Reinstate Prior Order." *Id.* at Exh. 6. On July 28, 2008, Petitioner filed a "Petition for Review" and a motion to stay his deportation with the United States Court of Appeals for the Second Circuit.[1] *Id.* at Exhs. 7 and 8. He alleged he was "in imminent danger of deportation without further notice arising from an alleged Voluntary Departure Order from 1988." *Id.* at Exh. 7. He

---

[1] Defendants state in their Motion to Dismiss that Petitioner's motion to stay is still pending before the Second Circuit Court of Appeals. Defendants also state that an attorney at the Department of Justice's Office of Immigration Litigation advised "that pursuant to a forbearance agreement between the Second Circuit and the U.S. Attorney's Office in New York, Petitioner cannot be removed while Petitioner's motion for a stay of deportation is pending." Motion to Dismiss at 3.

further alleged that "[t]he 1988 Order is not valid because [he] never appeared before an immigration judge, he never signed the alleged Voluntary Departure Stipulation /Order; he was not represented by counsel; and he never authorized any person to sign the alleged Voluntary Departure Stipulation/Order on his behalf." *Id.*

4.      On July 29, 2008, Petitioner filed a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241, in the United States District Court for the Southern District of New York. The Petition raises the same arguments that Petitioner raised in the pleadings he filed in the Second Circuit Court of Appeals.

5.      On September 18, 2008, the Petition was transferred to the United States District Court of New Mexico because Petitioner was being held at the Torrance County Detention Center in Estancia, New Mexico.

Legal analysis.

6.      On May 11, 2005, the President signed into law H.R. 1268, an "Act Making Emergency Supplemental Appropriations for Defense, the Global War on Terror, and Tsunami Relief, for the fiscal year ending September 30, 2005." Pub.L.No. 119-13, 119 Stat. 231 (May 11, 2005) ("the Act"). Part of this legislation is known as the "REAL ID Act of 2005" (formerly H.R. 419). The Act amends 8 U.S.C. § 1252 and transfers jurisdiction from the district court to the appropriate court of appeals to review removal decisions:[2]

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation or exclusion, is pending in a district court on the date of the enactment of this, provision

---

[2]If the Petitioner is challenging removal on the grounds that no order of removal exists, the Court retains jurisdiction. *Madu v. U.S. Attorney General*, 470 F.3d 1362, 1366-67 (11th Cir. 2006). Petitioner cannot prevail on such a claim as Defendants have attached the 1988 Order of Removal to the Motion to Dismiss. Motion to Dismiss, Exh 2.

> then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which the petition for review could have been properly filed...

REAL ID Act, § 106.

Courts of appeal have "sole and exclusive " jurisdiction to adjudicate petitions requesting review of administrative orders of removal. 8 U.S.C. § 1252(a)(5); *Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006) ("...district courts no longer have jurisdiction over habeas petitions challenging orders of removal.").

> These modifications effectively limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeal (petitions for review). *See* H.R. Conf. Rep. No. 109-72, at 173-53 (2005).

*Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3rd Cir. 2005). In this matter, there is a final order of removal that Petitioner is challenging. As Petitioner's Petition is a challenge to the final removal order, this court has no jurisdiction pursuant to the REAL ID Act.

      7.      Petitioner asserts the Court has jurisdiction on the grounds that his Petition also challenges his detention and requests a setting of a bail hearing. As grounds Petitioner asserts he was not represented by counsel in the deportation proceedings in 1988; that he never appeared before an Immigration Judge (IJ); and that the 1988 Stipulation of Deportation Order (order of removal) is invalid for these reasons. Petitioner states that "[s]ince the 1988 order directing the deportation of Mr. Lema is invalid, the reinstatement of said order in 2008 is also invalid and should not serve as the vehicle to detain Mr. Lema." Cross-Motion at 3.

      8.      The Court recognizes that the REAL ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention. *Ferry v. Gonzales*, 457 F.3d

1117,1131 (10th Cir. 2006). However, when "the challenge to his detention is grounded in the removal order rather than based on some inherent problem with the detention itself...." the district court does not have jurisdiction. *Essuman v. Gonzales*, 203 Fed. Appx. 204 (10th Cir. 2006). Here Plaintiff's detention and request for bail hearing are inextricably intertwined to his challenge to the removal order.[3] Thus, this Court does not have jurisdiction to rule on Petitioner's Petition including his challenge to detention.

9. Pursuant to 8 U.S.C. § 1252(b)(1) and (2), Petitioner was required to file his Petition in the court of appeals for the judicial district in which the order or removal was entered. He was further required to file his Petition within thirty days from the date of the order of removal. 8 U.S.C. § 1252(b)(1) and (2).

10. A district court may transfer an erroneously filed habeas petition to an appropriate court of appeals. 28 U.S.C. § 1631, *Rivera-Bottzeck v. Ortiz*, 241 Fed. Appx. 485, 488 (10th Cir 2007). According to 8 U.S.C. § 1252(b)(2), Petitioner should have filed his Petition with the Fifth Circuit Court of Appeals because this is the "court of appeals for the judicial circuit in which the immigration judge completed the proceedings." However, a petition for judicial review of an order of removal must be filed no later than 30 days after the date of the order. 8 U.S.C. § 1252(b)(1). This time limitation is "mandatory and jurisdictional" and is "not subject to equitable tolling." *Nahatchevska v. Ashcroft,* 317 F.3d 1226, 1227 (10th Cir. 2003) citing *Stone v. INS*, 514 U.S. 386

---

[3]If the Court found that Petitioner's Petition raised a challenge to continued detention, which it does not, Petitioner could not prevail. He asserts he was arrested by the Department of Homeland Security on or about July 16, 2008. Cross-Motion at 4. By statute the removal period is ninety days. 8 U.S.C. § 1231(a)(1)(A). The Supreme Court has ruled that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also Hernandez-Carrera v. Carlson*, 547 F.3d 1237 (10th Cir. 2008) (Attorney General's interpretation of statute authorizing detention of certain classes of aliens beyond 90-day removal period was reasonable interpretation of statute entitled to *Chevron* deference). Thus, this claim would not be ripe. *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007).

(1995). As Petitioner filed his Petition outside the 30 day limitation, he would have been time-barred had he originally filed in the Fifth Circuit Court of Appeals. Thus, the Court will recommend that Petitioner's Petition be dismissed, not transferred. *Rivera-Bottzeck,* 241 Fed. Appx. at 488 (noting that transfer to the court of appeals was not proper where petitioner filed his petition outside the 30 day limit); *De Ping Wang v. Dept. of Homeland Security*, 484 F.3d 615, 618 (2nd Cir. 2007).

### **RECOMMENDED DISPOSITION**

I recommend that Defendants' Motion to Dismiss Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 for Lack of Jurisdiction be granted, Petitioner's Cross Motion for an Order Directing Setting of Bail be denied and Petitioner's Petition for Writ of Habeas Corpus by Person in Federal Custody be dismissed with prejudice.

Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**